IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|                                    |     |                                             |
|------------------------------------|-----|---------------------------------------------|
| DANIEL M. WOODS                    | *   |                                             |
| plaintiff,                         |     |                                             |
|                                    | *   |                                             |
| VS.                                |     |                                             |
|                                    | *   |                                             |
| STANLY TAYLOR,                     |     |                                             |
| REPHEAL WILLIAMS,                  |     | C.A.N.#    ∩ ∩ _ ᴀ ᶃ 8 —                    |
| CINDY WRIGHT,                      | *   |                                             |
| BRENDA CALLOWAY,                   |     | CIVIL RIGHTS COMPLAINT                      |
| L. SULLIVAN,                       |     | 42 U.S.C.A. SEC. 1983                       |
| V. HAYES,                          |     |                                             |
| P. RITER,                          | *   |                                             |
| C. ESCHERICH,                      |     | * JURY TRIAL REQUESTED *                    |
| JANE DOE (elw),                    |     |                                             |
| defendants,                        | *   |                                             |

*

THIS IS A CIVIL RIGHTS ACTION COMPLAINT UNDER 42 U.S.C.A. 1983
AND ALL THE ABOVE DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL
AND OFFICIAL COMPASITYS.

## A. JURISDICTION

This section 1983 complaint alleges that the civil rights of
the plaintiff who is incarcerated at the Delaware correctioal
center (D.C.C.) were violated and continued to be violated by
the actions of the above and below named defendants.

## EXHAUSTION REQUIREMENTS

1.  PLAINTIFF FILED GREIVANCES/ APPEALS/ WITH NO RELEIF.

2.  FILED LETTERS TO RECORDS/WARDON/COMISSIONER.

3.  COURTS/MANDAMUS/CORRECTION OF ILLEGAL SENTANCE.

4.  STATE HABUS CORPUS.

DEFENDANT

1. Stanly Taylor, Resides or works at 245 Mckee rd. Dover, De.19904, and is employed as commissioner of corrections. This defendant, acted under color of law, permitted, authorized, encouraged, supported, ordered and/ or ignored the below counts even after being placed on notice.

DEFENDANT

2. Repheal Williams, Resides or works at Howard R. Young Correctional Instatition 1301 E. 12 th. St. Wilmingtion, De. 19801 and is employed as the Wardon.

DEFENDANT

3. C.Escherich, Resides or works at Howard R. Young Correctional Instation 1301 E. 12 th. St. Wilmington, De. 19801 and is employed as a records clerk.

DEFENDANT

4. Jane Doe (elw) Resides or works at Howard R. Young Correctional Inst. 1301 E. 12 th. St. Wilmington, De.19801 and is employed as a records clerk.

DEFENDANT

5. L. Sullivan, Resides or works at Howard R. Young Correctional Inst. 1301 E. 12 th. St. Wilmingtion, De. 19801 and is employed as a records clerk at the time of errors.

DEFENDANT

6. Cindy Wright, Resides or works at Delaware Correctional Center 1181 Paddock rd. Smyrna, De. 19977 and is employed as a records superviser.

DEFENDANT

7. P. Riter, Resides or works at Delaware Correctional Center 1181 Paddock rd. Smyrna, De.19977 and is employed as a records clerk at the time of errors.

CONTIUED.................

DEFENDANT

8. V. Hayes, Resides or works at Delaware Correctional
   Center 1181 Paddock rd. Smyrna, De. 19977 and is
   employed as a records clerk at the time of errors.

DEFENDANT

9. Brenda Calloway, Resides or works at Pre-trial Annex
   on Green Bank rd. Wilmingtion, De. 19808 and is or was
   employed as a records clerk at the time of errors.

A.         JURISDICTION IS INVOKED PURSUANT TO 28 U.S.C.
           SECTION 1343 (a)(3) and 42 U.S.C. section 1983

B.  NATURE OF THE CASE:

    THIS IS A CIVIL RIGHTS ACTION COMPLAINT FILED BY AN
    INMATE AT THE DELAWARE CORRECTIONAL CENTER(D.C.C.)
    ALLEGING STATUTORY AND CONSTITUTIONAL VIOLATIONS
    OF HIS CONFINDMENT.

CAUSE OF ACTION

COUNT 1

DEFENDANT

1. Stanly Taylor is responsble for the full operations of
   all phases of the Department of Corrections, including
   Howard R. Young, Delaware Correctional center, Pre-trial
   Annex, S.C.I. This defendant is responsible for the
   operations of these facilities/ inspections/ Investagations/
   and all proceedures are carried out to insure the protection
   of staff and prisoners.

DEFENDANT

2. Reaheal Williams is responsible for the operations of
Howard R. Young Correctional Inst. Issues brought to his
   attention about his staffs errors, failures to follow
   proceedures. This defendant is responsible for the
   investagations/ inspections/ and all proceedures
   that are to be carried out to insure the protection of
   staff and prisoners.

CONTINUED.........

DEFENDANT

5.   L. SULLIVAN, is responsible for the records at the
     Howard R. Young Correctional Inst. to carrie out
     proceedures of calculation of sentences/ Credits/
     issuing status sheets and the up keep of records.

DEFENDANT

6.   V. HAYES, is responsible for the records at the
     Howard R. Young Correctional Center Inst.
     to carrie out proceedures of calculations of sentances,
     credits/ issuing status sheets/ and the up keep of records.

DEFENDANT

7.   P. RITER, is responsible for the records at the
     Howard R. Young Correctional Inst. to carrie out
     proceedures of calculations of senteances/ Credits/
     issuing status sheets/ and the up keep of all records.

DEFENDANT

8.   C. ESCHERICH, is responsible for the records at the
     Howard R. Young Correctional Inst. to carrie out
     proceedures of calculations of sentances/ credits/
     issuing status sheets/ and the up keep of all records.

DEFENDANT

9.   JANE DOE (elw) is responsible for the records at the
     Howard R. Young Correctional Inst. to carrie out
     proceedures of calculations of sentances/ credits/
     issuing status sheets/ and the up keep of all records.

10.  THE ABOVE DEFENDANTS ARE RESPONSIBLE FOR ASSURING THAT
     DEPARTMENT OF CORRECTIONS (D.O.C.) RECORDS DEPARTMENT
     DOSE PROPER CALCULATIONS OF SENTANCES/ PROPER GOODTIME
     DEDUTIONS BY STATUES. PROPER RELEASE DATES AND FULL
     MANGAMENT OF ALL STATUS OF INMATES SENTANCES/ RECORDS.

11.  THE ABOVE DEFENDANTS NEGLECTED TO ACT AND DID IGNORE
     THE PLAINTIFF REQUEST TO CORRECT ALL ERRORS OF SENTANCES
     WHICH CONTINUE TO CAUSE ERRIPAIRABLE DAMAGES TO PLAINTIFF.

CONTINUED............

## COUNT  2

1.   THE ABOVE DEFENDANTS CAUSED PLAINTIFF TO SERVE
     SENTANCES (TWICE) AGAIN AFTER THE SENTANCES WERE
     COMPLETED IN THERE FULL MAXIUM TERM. DENIED PLAINTIFF
     GOODTIME CREDITS ON SENTANCES COMPLETED IN THERE FULL
     TERM THROUGH COURT ORDERS.
     DENIED TIME SERVED AT LEVEL FIVE THROUGH COURT ORDERS
     WHICH CAUSED AN INCREASE OF SENTANCE NOT AUTHORIZED BY
     A COURT OF LAW. INCREASING PLAINTIFFS SENTANCES of
     NÎNE DAYS AFTER D.O.C. RECORDS REALIZED THEY MADE AN
     ERROR 23 YEARS AGO ON A SENTANCE THATS BEEN FULLY MAXED
     OUT FOR THE LAST 23 YEARS.
     SO THEY ADDED THE NINE DAYS TO ANOTHER NEW COMPLETE
     DIFFERANT SENTANCE.

2.   DEFENDANT TAYLOR, WILLIAMS, WRIGHT, SULLIVAN, HAYES,
     RITER, ESCHERICH, DOE, ARE RESPONSIBLE FOR THE
     VIOLATIONS AND THE DAMAGES DONE AND BEING DONE
     TO THE PLAINTIFF.

## COUNT  3

1.   Defendant P. RITER, Failed to perform his official dutys
     to properly credit plaintiff with time served at level five
     incarceration of fifty-six days.

2.   Defendant issued the plaintiff a Bureau of Adult Corrections
     Status sheet on 6-25-81. The date of plaintiffs
     incarceration.( Status Sheet dated 6-25-81)

3.   Plaintiff was sentanced on 8-21-81 with the seventeen days
     credit,This brought plaintiffs effective date to 8-4-81.

4.   The credits for seventeen days was for the period of
     incarceration plaintiff was held before he was released
     on bail. ( 6-1-81  to  6-18-81 )

5.   Defendant P. Riter issued a status sheet dated 8-25-81
     but the plaintiffs sentancing date was 8-21-81 and
     the plaintiff received the seventeen days credit
     which brought the effective date to 8-4-81.

     A.   From 8-4-81 and add seventeen days to that would
          bring the date to 8-21-81 but the status sheet
          reflects the date of 8-25-81.
          Those four extra days are unaccounted for anywhere

     B.   8-4-81 to 8-25-81 is twenty one days.

CONTIUE..

DEFENDANT P. RITERS FAILURES TO PROPERLLY CALCULATE THE
PLAINTIFFS SENTANCE WHICH CREATED FALSE IMPRISONMENT, DENIED
DUE PROCESS, EX-POST-FACTO LAW VIOLATIONS AND CRUEL AND
UNUSUAL PUNISHMENT.

HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL COMPASTITY


COUNT 4

1.  Defendant Brenda Calloway failed to proform her official
    dutys and properly calculate the plaintiffs sentances.

2.  Defendant turned plaintiffs sentance into a mandatory
    sentance that was not authorized by a court of law.
    Defendant increased plaintiffs sentance by five months
    and fifteen days without due process of law.

3.  Defendant failed to fix and credit plaintiff with
    four days credit.

4.  All the above errors created a continued tumbling
    effect through-out all other sentances thats caused
    on going damages to the plaintiff.

5.  Defendants errors also ceated a double jeperdy violations

DEFENDANT CALLOWAY, BY HER FAILURE TO PROPERLY CALCULATE
PLAINTIFFS SENTANCES CAUSED ERRIPAIRABLE DAMAGES.
EX-POST-FACTO VIOLATIONS, DOUBLE JEPERDY, DUE PROCESS,
FALSE IMPRISONMENT.

SHE IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL
COMPASITYS


COUNT 5

1.  Defendant L. Sullivan failed to proform his official dutys
    and properly calculate the plaintiffs sentances.

2.  On 4-26-90 The defendant removed all goodtime credits
    from sentances that were completed in there full maxium
    terms through court orders.

3.  The removal of goodtime credits from sentances already
    completed, Increased the plaintiffs sentances without
    the authority to do or the jurisdiction under the law.

CONTINUED.........

## COUNT 6

1. Defendant V. Hayes Failed to perform her official dutys and properly calculate the plaintiffs sentances or correct the errors.

2. The defendant wrote a hand written note on the plaintiffs status sheet dated 6-12-90 that the plaintiff must serve thrity years before he can go into a drug treatment program.

   Honorable Judge that sentence the plaintiff ordered the removal of the above statment from the plaintiffs sentance because the sentance did not make any sense.

3. Once contacted by the judge, who informed the record department to fix the errors of the plaintiffs sentance, record should of also reviewed the rest of the file for other mistekes and errors.

∴

THE DEFENDANTS FAILURES TO TAKE ACTIONS CREATED DELIBERIT INDIFFIRENANCE, CRUAL AND UNUSUAL PUNISHMENT, FALSE IMPRISON-MENT, DOUBLE JEPERDY, EX-POST-FACTO, DENIAL OF DUE PROCESS, THAT HAS CONTIULLY CAUSED THE PLAINTIFF TO SUFFER DAMAGES.

## COUNT 7

1. Defendant Jane Doe (elw) Has failed to proform her official dutys and properly calculate the plaintiffs sentances.

2. Defendant failed to credit the plaintiff with 163 days credit for time served at level five that was ordered by the court.

3. Defendant also failed to begin the plaintiffs sentance at the proper begining date of 8-10-04.

4. The defendant has made newmerious errors of the plaintiffs sentances that were corrected, uncorrected, re-aranged and changed. Nothing of the errors where corrected until the plaintiff begain those proceedings.

5. The defendant allowed nine day error that took place in 1981 of a sentence thats been maxed out in its full maxium term through a court order on 11-2-83. The records realized they made an error 23 years ago on another sentence, they took that error of nine days and added it to another new sentance the plaintiff is serving now.

CONTIUED........

## COUNT 8

1. Defendant C. Escherich, failed to proform her official dutys and properly calculate the plaintiffs sentance or correct any and all errors.

2. Defendant realized a misteke was made on a sentance thats been fully completed since 1983. The defendants noticed a nine day error, To try and correct that error they(D.O.C) records took that nine day error and added it to another sentance the plaintiff is serving in 2005, and the sentance of the error has been completed for the last 23 years.

DEFENDANTS DENIED THE PLAINTIFF DUE PROCESS, CREATED EX-POST-FACTO VIOLATIONS, DOUBLE JEPERDY, CRUAL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERANCE, FALSE IMPRIONMENT WHICH ALL THE ABOVE ACTIONS CAUSED A CONTINUED DAMAGES TO THE PLAINTIFF.

SHE IS BEING SUED IN HER OFFICIAL AND INDIVIUAL COMPASITYS

## COUNT 9

1. Defendant Cindy Wright allowed all the above mentioned damages and also denied the plaintiff of 163 days credits for time served at level five time ordered by the court.

2. Defendant Cindy Wright, Submitted a false affidavit with the court for the attempts to justifie the damages done to the plaintiff and failed to protect the rights of the plaintiff.

3. Defendant Cindy Wright also amitted and was fully informed of all the errors thats taken place in the plaintiffs sentances, miscalculations, yet she failed to investagate, correct, the damages done to the plaintiff and allowed all to continue.

4. Defendant Cindy Wright also supported and allowed the error of the nine day miscalculation that took place in 1981 on a sentance completed for the last 23 years to be added to a new sentance now serving in 2005.

DEFENDANT IS THE SUPERVISER OVER THE RECORDS DEPARTMENT WHO HAS ALLOWED ALL THE DAMAGES TO CONTIUE AND HAS FAILED TO PROTECT THE RIGHTS OF THE PLAINTIFF. SHE CONDERDICTION TO THE ACTIONS THATS TAKEN PLACE AND HAS SUBMITTED THE FALSE AFFIDAVIT AND LIED TO THE COURTS TO JUSTIFIE ALL THE WRONGS AND DAMAGES DONE TO THE PLAINTFF. SHE HAS CREATED DOUBLE JEPERDY, EX-POST-FACTO VIOLATIONS, FALSE IMPRIONMENT, DELIBERATE INDIFFERANCE, CRUAL AND UNUSAL PUNISHMENT AND THE CONTINUED WRONG DOING.

SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASTITYS

CONTINUED..........

## COUNT 10

1. DEFENDANT Stanly Taylor has failed to proform his official dutys and has failed to protect the rights of the plaintiff. Even after being notified of the on going problums,errors, mistakes.
ALL dealing with the records departments errors of the plaintiffs sentances and the continued damages being done by the failure to act once placed on notice. These actions created a deliberate indifferance to all errors and the violations being done to the plaintiff.

HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL COMPASITYS

### TEMPOARY INJUCTION ORDER RELIEF

1. ORDER NOT TO MOVE THE PLAINTIFF OR TRANSFER HIM.

2. ORDER THE RECORDS DEPARTMENT NOT TO ALTER OR CHANGE THE PLAINTIFFS RECORDS UNTIL AFTER THE COURT HEARINGS.

### COMPINSATION RELIEFS

1. THE DEFENDANTS PAY ALL COURT FEES, MAILING FEES, ATTORNEY FEES, WRITING SUPPLY FEES.

2. DECLATORY JUDGEMENT

3. 200.00 A DAY FOR EVERYDAY THE VIOLATION CONTINUED AND FOR THE TIME THE PLAINTIFF HAD TO ENDOR THE PUNISHMENTS.

4. 10,000.00 FROM EACH DEFENDANT.

5. 20,000.00 FOR PUNITIVE DAMAGES.

6. ANY AND ALL THIS COURT MAY DEEM.

RESPECTFULLY SUBMITTED

DATED: 11-13-06

Daniel M. Woods

DANIEL M. WOODS
1181 Paddock Rd.
Smyrna, Delaware
19977

I/M Stephen Thurston
SBI# 229104 UNIT DVE-D #1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk of THE Court
United States District Court
844 N. King St. LockBox 18
Wilmington, Delaware
19801

Legal Mail

To: Thomas Carroll
Warden D.C.C.
Smyrna, De 19977

Fr: Daniel M. Woods #164728          06-698
D-EAST-D-15   D.C.C
Smyrna, De 19977

Date: 10-30-06

<u>Appeal of Greivance</u>

Re: ERRORS/Illegal Sentences/Removal of Credit
of Good time From Sentences Served in
There Full Maxium terms. Adding nine
Days to a Sentence Maxed out For
23 Years. Denied 163 day Credit
For time Served. Held to ReServe
Sentences Already Maxed out (ReServes
of The goodtime From The Same
Sentence Completlly Maxed out in
Its Full term.

1) The Response From The <u>Greivence board</u>
<u>Failed</u> to Address the issues of THE
Complaint. Case #no. 71909 (9-17-06)

2) Failure to Address The issues Allows All
damages to be Continued.
        <u>SEE All Attached</u>

3) These denials of Corrections/investagation, newmerious mistakes are, Causing Mr. Woods to be placed into double Jeperdy.

4) I've not been Seen by any Staff from Records, to Show the errors to them, by There own Status Sheets,

5) And "most errors" already been amitted to by Cindy, Wright (affidayit) These Amitted errors Should Automaticilly Call For the Full investagation of the Rest of the Complaints Mr. Woods has made in Reguards to his Sentences.

Mr. Woods is Appealing All The Above Plus, his Grievance to the Warden at D.C.C.

Sincerly

Daniel M. Wood

C.C. Warden D.C.C.
Superior Court
File
District Court

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: _D.C.C._                    DATE: _9-17-06_

GRIEVANT'S NAME: _Daniel M. Woods_    SBI#: _164228_

CASE#: _71909_                        TIME OF INCIDENT: _Continuerous_

HOUSING UNIT: _D/EDIT_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_Goodtime Credits were being denied at begining_
_of the sentence. Being denied Cred.ts for time_
_Served. Records Failure to Cred.t Inmate Woods_
_with Court deducted Credits for time Served_
_Record Cindy Wright Stated the reason Woods_
_didn't recive these Cred.t was do to Inmate_
_Woods was serving a probation Sentence. The_
_same Situation took place in 1990 yet Woods_
_was given Credits for time Served After_
_Sentenced by the prole board._

ACTION REQUESTED BY GRIEVANT: _To Receive all Cred.ts/For_
_Sentence Where Woods was added nine days to_
_a new Sentence from an old Sentence that had_
_maxed out on 23 years, all Credits from Court_
_off Sentence._

GRIEVANT'S SIGNATURE: _____    DATE: _9-17-06_

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____ (YES)    _____ (NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.
RECEIVED

cc: INSTITUTION FILE
    GRIEVANT

SEP 2 1 2006

April '97 REV                          Inmate Grievance Office

_C.C. Superior Court_
_D'Hon at Court_

## Offender Status Sheet

**Date:** 09/22/2006

**SBI #:** 00164728          **Name:** DANIEL M WOODS

**Location(s):** DCC          **Level(s):** 5,0          **Race:** WHITE          **DOB:** 02/06/1962

**AKA:** MARTIN WOODS; DANIEL WOODS; DANIEL N M WOODS; MARTY WOODS; DANIEL M WOODS

**Offender Type:** Sentenced          **Officer(s):**

### Level: 5

**Start Date:** 02/09/2005          **MED:** 01/02/2029          **STRD:** 07/03/2021          **ADJ:** 06/24/2021          **PED:**          **Statutory Days Earned:** 2,740.00

| CASE#/ Court Type | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | | Status/ Eff. Date | Length Y M D | | | Start Dt | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0408025957 | IS04090640 | BURGLARY 2ND | | Current | 1 | 0 | 0 | 02/09/2005 | 02/08/2006 | 01/15/2006 | 01/15/2006 | | |
| U9 | Richard F Stokes | STANDARD | 02/09/2005 02/09/2005 | | | | | | | | | | |
| 0408025957 | IS04090641 | BURGLARY 2ND | | Current | 1 | 0 | 0 | 02/08/2006 | 02/07/2007 | 12/09/2006 | 12/09/2006 | | |
| U9 | Richard F Stokes | STANDARD | 02/09/2005 02/09/2005 | | | | | | | | | | |
| DACS00003 | in90010888 | VIOL OF PAROLE | | Current | 21 | 10 | 27 | 02/07/2007 | 01/02/2029 | 07/03/2021 | 06/24/2021 | | |
| PRLB | Dwight Holden | PAROLE VIOLAT 11/09/2004 02/03/2007 | | | | | | | | | | | |

### Special Conditions:

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| IS04090640 | 5 | CRT1 | Other Conditions: | AS TO 0640: SENTENCE TO LEVEL 5 FOR 8 YRS. SUSPEND AFTER 1 YR. FOR 2 YRS LEVEL 3. ELW |
| IS04090641 | 5 | CRT1 | Other Conditions: | AS TO 0641: SENTENCE TO LEVEL 5 FOR 8 YRS. SUSPEND AFTER 1 YR. FOR 2 YRS LEVEL 3. ELW |
| in90010888 | 5 | CRT1 | Other Conditions: | YOUR PAROLE WAS REVOKED. YOU WILL SERVE THE BALANCE OF THE SENTENCE FROM WHICH YOU WERE PAROLED. YOU WILL LOSE YOUR PREVIOUSLY EARNED GOOD-TIME INCLUDING MERITORIOUS GOOD-TIME EARNED UNDER THE PROVISIONS OF 11 DEL. C., CHAPTER 43, SUBCHAPTER VIII. SERVED FROM 01/05/90 TO 09/19/02 MUST SERVE FROM 08/10/04 TO 12/25/2026 OR (22YRS. 4 MOS. 29 DAYS.) ALSO MUST SERVE THE TIME YOU WERE IN ABSCONDER STATUS, WHICH IS THE TIME FROM THE DATE THE WARRANT WAS ISSUED(07/26/04) UNTIL THE DATE YOU WERE RETURNED TO CUSTODY(08/10/04). GOOD TIME COMPUTED AT AN ACCELERATED RATE OF 10 DAYS PER MONTH. HOWEVER, AFTER DUE CONSIDERATION OF YOUR CASE, THE BOARD DECIDED: YOU MAY REAPPLY FOR PAROLE CONSIDERATION IN 48 MONTHS ON THIS SENTENCE. ELW<br><br>SENTENCE INTERRUPTED TO SERVE TIS SENTENCES. BALANCE TO SERVE IS 21 YEARS, 10 MONTHS 27 DAYS. AND SHALL RUN CONSECUTIVE TO TIS SENTENCES FOR NEW CHARGES. TOTAL TIME TO SERVE IS 2 YEARS TIS AND 21 YEARS 10 MONTHS 27 DAYS ON NON-TIS. GOODTIME ON NON-TIS IS AT ACCELERATED RATE OF 10 DAYS PER MONTH. THE ADJUSTED DATE REFLECTS 9 DAYS DEDUCTED AS A RESULT OF AN ERROR IN THE SENTENCE CALCULATION BACK IN 1981. OFFENDER INFORMED AT A HEARING ON 3/29/05 AND A COPY OF STATUS SHEET WILL BE SENT. C. ESCHERICH |

Daniel M. Woods
S.B.I # 164728
1301 E. 12th St.
Wilm, De 19809

Date: 5-21-05

Commissioner
Mr. Stan taylor

Smyrna, De.

Exibit 19

Dear Mr. taylor,

Could you please help me
with this matter. I understand
Your a very busy man and I'm
sorry for troubling you. But with-
out your help my Sentence will
stay Screwed up.
And 1989 did you "approve" the taking
of any of my Meritorious goodtime
or largely good-time?
Or Authorize this procedure? Im
Anyway to D.C.C. Records depart-
ment? Or M.P.C.J.F? All from
Sentences Served in there full
terms?

Daniel M. Woods
S.B.I # 164728
2K-15

Records Dept.
Ms. Escherich
H.R.U.C.I.

Exhibit 20

Date 3-31-04

Dear Ms Escherich,

I am writing in reguards
to my status sheet and two
mistakes already. Could you
Please fix.

One: I was arrested on 8-10-04
and see no chaidts for those days
3 months time Served. Before my parole hearing
violation took place
My last status sheet dated 12-17-04
Not alot of Days were give was
3,240.00 Days. My Short term Releas
was 2/28/2018
two years add to this waeld be 2/28/202
but your Status sheet of 3/30/05 States
07/03/2021 an extra year, Also the good
time I've received on this Sentence was
Now 2,740.00 days accelerated Rate per
month stated on status Sheet I receive on
12/17/2004

46

IN THE SUPERIOR COURT OF THE

STATE OF DELAWARE IN AND FOR NEWCASTLE

COUNTY:

*

DANIEL M. WOODS                          *

    VS.                                      C.A.N. 05M-08-042 J.R. J.

                              *

WARDEN WILLIAMS et.al.

*

AFFIDAVIT FROM DANIEL M. WOODS PERSENTING

EVIDENCE OF PERJURY THROUGH AFFIDAVIT PERSENTED BY THE

RECORDS SUPERVSER CINDY WRIGHT IN THE ABOVE MATTER CASE


I DANIEL M. WOODS, HAVING BEEN DULY SWARN ACCORDING TO LAW
DEPOSE AND STATE AS FOLLOWS:

1. I make this affidavit based upen personal information and the
information perduced in a affidavit by Cindy Wright records
superviser at Delaware Correctional Center.

2. I am an inmate at the Delaware Correctional Center D.C.C.
Smyrna, Delaware.

3. SEE EXHIBIT__A__ COURT LETTER DATED MAY 10,2005.

4. Defendants produced an affidavit of defence from Cindy Wright
Records superviser at Delaware Correctional Center in the above
matter. Dated Sept.7,2006.

   SEE EXHIBIT__B__ #7

5. Cindy Wright affidavit addresses an issue in the affidavit
   Exhibit B    number#7  That she was in contact with the
   Honorable Judge Richard F. Stokes and she stated the
   perjury of testamony:

6. By letter dated may 10,2005. Judge Richard F. STokes advised
   plaintiff that he had been sentenced on feb.9,2005 to eight
   years at level five with credits for 163 days previouslly
   served. The credit was for the period from Aug.31,2004 until
   Feb.9,2005. However, during that period, Planitiff was serving
   a sentence for violation of probation and therefore was not
   eligiable for that credit.

7. SEE EXHIBIT A-B-C

8. Cindy Wright records superviser has committed perjury statements
   and documentations to the court trying to justifie all the
   damages done to the plaintiff.

9. See Exhibit C  A court order from the Honorable Judge dated
   Oct.16,2006, thrity nine days after Cindy Wrights affidavit.
   All DEALING WITH THE SAME ISSUES.

   THE HONORABLE SANDS BY HIS ORIGINAL ORDER MAY 10,2005 to credit
   the plaintiff with the credit of 163 days and plans to not
   modifie any order as stated by Cindy Wrights affidavit.

10. A.  SEE EXHIBIT A  COURT ORDER FROM THE  MAY 10,2005

    B.  SEE EXHIBIT B  CINDY WRIGHTS AFFIDAVIT  Sept.7,2006

    C.  SEE EXHIBIT C  COURT LETTER DATED Oct.16,2006


    I DANIEL M. WOODS SWEARS UNDER PENILTYS OF PERJURY THAT ALL

    THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY ABILITYS.

    SWARN BEFORE ME ON THIS 24 DAY OF OCT.2006

    SINCERLY,

    D.C.C 1181 padock rd.
    Smyrna, De. 19977

SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
Judge

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

May 10, 2005

Daniel M. Woods
SBI# 00164728
Howard R. Young Correctional Institution
1301 East 12ᵗʰ Street
Wilmington, DE 19801

Re:    Def. ID# 0408025957 and 0409022646

Dear Mr. Woods:

The Court is in receipt of your motion to correct illegal sentence received on May 4, 2005 requesting credit for time served while waiting for sentencing. On February 9, 2005, I sentenced you as to criminal action number 04-09-0640 to eight (8) years at level V with credit for 163 days previously served. Suspended after serving one (1) year at level V, followed by declining levels of probation. The 163 days credit is for the period from August 31, 2004 until February 9, 2005.

Defendant's request to correct illegal sentence is denied based upon the fact that the Court gave the defendant credit for time previously served. IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

RFS:ill

cc:    Prothonotary's Office

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DANIEL M. WOODS, )
)
     Plaintiff, )
)
    v. )   C. A. No. 05M-08-042 JRJ
)
WARDEN WILLIAMS and )
BOARD OF PAROLE, )
)
    Defendants. )

## AFFIDAVIT OF CINDY WRIGHT

I, Cindy Wright, having been duly sworn according to law, depose and state as follows:

1.   I make this Affidavit based upon personal information.

2.   I am employed by the State of Delaware's Department of Correction as the

Records Supervisor at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.   Plaintiff Daniel M. Woods ("Plaintiff") is currently incarcerated at DCC.

4.   Plaintiff's Sentence Status Report ("SSR") dated May 5, 1982 lists his Maximum

Full Time Expiration Date as November 1, 1996. *See* Exhibit A. The SSR dated April 26, 1990

lists the Maximum Full Time Expiration Date as December 30, 1996, which is 59 days later. *See*

Exhibit B.

5.   The reason for this change in dates is set forth in the in the comments section of

the April 26, 1990 SSR. Plaintiff's parole had been revoked and he had been ordered to serve the

balance of the sentence from which he had been paroled. In addition, he was sentenced to serve

the time that he was in absconder status, "which is the time from date warrant was issued 11/7/89

until date returned to custody." As reflected in Plaintiff's SSR dated January 8, 1990, Plaintiff was received back into custody on January 5, 1990, 59 days after the date of the warrant. *See* Exhibit C. Therefore, 59 days were added to his sentence.

6.     Plaintiff's SSR dated June 19, 1990 includes handwritten notes in the comments section. *See* Exhibit D. A portion of the comments at Item 5 were crossed out pursuant to the direction of Judge Herlihy. Those crossed out comments are not part of the SSR. The remaining comments in Item 5 state: "Upon completion of drug treatment program the Defendant will be placed at LEVEL III for 1 year. NOTE: Per Title 11 Sec 4352 Parole Violation to run last." While these comments are not entirely clear, they mean that Plaintiff would first serve the sentence on his most recent charges. He would then serve his violation of parole sentence. Only then would he be eligible for placement at Level III.

7.     By letter dated May 10, 2005, Judge Richard F. Stokes advised Plaintiff that he had been sentenced on February 9, 2005 to eight years at level V with credit for 163 days previously served. *See* Exhibit E. The credit was for the period from August 31, 2004 until February 9, 2005. However, during that period, Plaintiff was serving a sentence for violation of probation and therefore was not eligible for that credit. I have communicated with Judge Stokes' chambers and the sentencing order will be modified to indicate that Plaintiff is not entitled to 163 days credit.

8.     Plaintiff's SSR dated December 10, 2004 shows a short time release date ("STRD") of February 28, 2018 and statutory good time in the amount of 3,240 days. *See* Exhibit F. This SSR reflects Plaintiff's sentence for his violation of probation. The amount of good time is incorrect and the result of administrative error.

9.     The SSR dated March 24, 2005 shows a STRD of January 4, 2022 with statutory

good time in the amount of 2,582 days. *See* Exhibit G. The SSR dated March 24, 2005 is marked "VOID" and is incorrect.

10.     The SSR dated March 28, 2005 incorporates Plaintiff's two new sentences, each for 1 year. *See* Exhibit H attached hereto. In addition, the good time is corrected to 2,740 days. The STRD of July 3, 2021 reflects the two new sentences and the deduction of 500 days of good time which were previously incorrectly credited to Plaintiff.

11.     Both the SSR for 2004 and the SSR for 2005 have been superseded by Plaintiff's most recent SSR, dated July 18, 2006. *See* Exhibit I. The STRD is June 24, 2021. This adjusted date reflects nine days deducted as a result of an error in the sentence calculation in 1981. The statutory good time is 2,740 days.

Cindy Wright

**SWORN AND SUBSCRIBED** before me this _7 th_ day of September, 2006.

Notary

SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

October 16, 2006

Daniel M. Woods
SBI# 00164728
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: Def. ID# 0408025957 and 0409022646

Dear Mr. Woods:

The Court is in receipt of your Motion for Correction and Credit of an Illegal Sentence filed August 16, 2006. While your motion makes reference to sentences imposed by other courts, this Court only has jurisdiction to review the sentences imposed in Superior Court, Sussex County. Upon review of your motion and the file, I remain satisfied the sentence imposed is not an illegal sentence. Additionally, your claims regarding credit time are denied for the reasons set forth in the Court's letter dated May 10, 2005. Future applications seeking similar relief will not be responded to by the Court.

Your Motion for Correction and Credit of an Illegal Sentence is denied. IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

RFS:tll

cc:    Prothonotary's Office
       Department of Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS, | § |
| | § No. 143, 2005 |
| Petitioner Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| DWIGHT HOLDEN, et al., | § C.A. No. 05M-03-071 |
| | § |
| Respondents Below- | § |
| Appellees. | § |

Submitted: July 29, 2005
Decided: September 20, 2005

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This 20th day of September 2005, upon consideration of the briefs

on appeal and the record below, it appears to the Court that:

(1)    The petitioner-appellant, Daniel M. Woods, filed an appeal

from the Superior Court's March 29, 2005 order denying his petition for a

writ of habeas corpus. We find no merit to the appeal. Accordingly, we

AFFIRM.

(2)    In 1981, Woods was convicted of Conspiracy in the Third

Degree and Criminal Trespass in the Second Degree. He was sentenced to a

total of 2 years and 3 months incarceration at Level V. In 1982, Woods was

convicted of five counts of Burglary in the Second Degree and one count

each of Felony Theft, Misdemeanor Theft, Conspiracy in the Third Degree and Unauthorized Use of a Motor Vehicle. He was sentenced to a total of 14 years incarceration at Level V for those crimes. Between June 1981 and April 1989, Woods was continuously either at Level V incarceration or Level IV work release in connection with these sentences. On April 27, 1989, Woods was released on parole.

(3) While on parole, Woods committed new offenses resulting in his convictions of six counts of Burglary in the Second Degree. He was arrested on January 5, 1990 and held in default of bail. On June 1, 1990, he was sentenced to 34 years incarceration at Level V, to be suspended after 30 years for decreasing levels of probation. Woods was incarcerated from January 5, 1990 until September 19, 2002, when he again was released on parole. Woods again committed new offenses, resulting in his re-incarceration on August 10, 2004, where he remains at the present time.

(4) On November 10, 2004, the Board of Parole determined that Woods had violated the conditions of his parole and ordered him to serve the remainder of his Level V sentence. The Board also revoked the good time credits previously earned by Woods. On February 9, 2005, Woods was convicted of two additional counts of Burglary in the Second Degree and

2

one additional count of Felony Theft.  He was sentenced to 18 years incarceration at Level V, to be suspended after 3 years for probation.

(5)    In this appeal, Woods claims that the Superior Court should have granted his petition for a writ of habeas corpus.  He argues that the Board of Parole had no authority to revoke his good time on sentences he already had completed serving.

(6)    In Delaware, the writ of habeas corpus provides relief on a very limited basis.[1]    Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[2]    "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[3]

(7)    Woods has presented no evidence that the charges against him were not valid on their face or that the Superior Court lacked jurisdiction to adjudicate the various criminal charges against him.  As such, he is not entitled to habeas corpus relief and the Superior Court was correct in so deciding.

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[2] Id.

[3] Id. (quoting Del. Code Ann. tit. 10, § 6902(1)).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*Carolyn Berger*
Justice

TO: CLERK OF THE COURT
    DISTRICT COURT
    844 N. KING ST.
    WILMINGTION, DE.
             19801

FR: DANIEL M. WOODS #164728
    1181 paddock rd.
    SMYRNA, DE. 19977

DATED: _11-15-06_

                RE:      DOCUMENTS FILING OF COMPLAINT

DEAR CLERK,

          PLEASE BE ADVISED THAT ALL THE FOLLOWING DOCUMENTS
ARE BEING SENT TO THE COURT:

1...... FORMA PAUPERIS

2...... SIX MONTH STATEMENT FROM ACCOUNTING D.C.C.

3...... EXUASTION REQUIREMENT DOCUMENTS

4...... ORG. COMPLAINT/ ALL ORG. ON TOP.

5......APP. OF COUNSEL/ UNDISPUTED FACTS/SUMMARY JUDGEMENT,ECT.

6...... ALL COPYS NEEDED FOR THE COURT AND DEFENDANTS

7...... ALL THE DOCUMENTS NEEDED FOR THE COURT.

                        RESPECTFULLY SUBMITTED

                        DANIEL M. WOODS # 164729